**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Allied Machine and Engineering Corp.,** | **CASE NO. 1:10 CV 2682** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | |
| **Jewell Machine & Fabrication, Inc., et al.,** | **Memorandum of Opinion and Order** |
| **Defendants.** | |

### INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss or, in the Alternative, to Transfer (Doc. 10), and Plaintiff's Motion to Strike Defendants' Supplemental Response to Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. 28). This is a patent infringement dispute. For the following reasons, defendants' motion to dismiss is DENIED, defendants' motion to transfer is GRANTED, and the case is hereby TRANSFERRED to the Southern District of Iowa. Plaintiff's motion is DENIED.

### FACTS

Plaintiff, Allied Machine & Engineering Corporation, an Ohio corporation, brings this action against defendants, Jewell Machine and Fabrication Company, Inc. (hereinafter "JMF"), an Iowa corporation, Karma, Inc. (d/b/a Jewell Tool Technology) (hereinafter "Karma"), an Iowa corporation, and Jewell Group, an unregistered company with its principal place of business in Iowa. Plaintiff owns U.S. Patent No. 7,632,050 (hereinafter "the patent"), entitled Drilling Tool and Method for Producing Port Seals. Defendant JMF fabricates and manufactures small parts that are components of larger equipment like a tractor or a combine, though its products are not limited to agricultural equipment. (Jewell Depo. 15:5-12.) Defendant Karma manufactures special cutting tools. (Id.) Defendant Jewell Group is comprised of Karma and JMF. (Id. at 16:10-14.) Plaintiff alleges that defendants have made, used, sold, offered for sale, and/or imported into the United States a line of drill tools that infringe upon the patent, specifically the Jewell Drill & Port and the Jewell Ream & Port tools. The complaint contains a single claim of patent infringement. Further relevant facts are included below in conjunction with the Court's analysis of defendants' motion.

Defendants now move to dismiss the complaint or alternatively to transfer venue, arguing that plaintiff has failed to state a claim and that the Court lacks personal jurisdiction over defendants.[1]

**STANDARD OF REVIEW**

The Federal Circuit has made clear that "where the personal jurisdiction inquiry is 'intimately involved with the substance of patent laws,'" district courts should apply Federal

---

[1] The Court does not consider the parties' arguments that plaintiff fails to state a claim as the Court finds that it lacks personal jurisdiction over defendants.

2

Circuit law. *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)). Where a district court's personal jurisdiction inquiry is based on affidavits or other written materials in the absence of an evidentiary hearing, a plaintiff need only make a *prima facie* showing that defendants are subject to personal jurisdiction. *See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). In the context of a motion to dismiss, a district court must accept the uncontroverted allegations of plaintiff as true and resolve any factual conflicts in plaintiff's favor. *Deprenyl*, 297 F.3d at 1347. *See also Silent Drive, Inc. v. Strong Ind., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).

## ANALYSIS

### A. Motion to Strike Defendants' Supplemental Response

Plaintiff moved to compel further discovery in support of its argument that defendants were subject to personal jurisdiction in Ohio at nearly the same time that it filed its brief in opposition to defendants' motion to dismiss (Doc. 19). The Court granted the motion and extended the time for jurisdictional discovery (Doc. 24). The Court stated that at the close of discovery, plaintiff would be permitted to file a supplemental brief in opposition to defendant's motion to dismiss and defendant would be permitted to file a supplemental reply. Plaintiff elected not to file a supplemental brief following the close of jurisdictional discovery. Defendants, however, supplemented their reply by filing Defendants' Supplemental Response to Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer (Doc. 26). Plaintiff moved to strike the supplemental response (Doc. 28), arguing that because plaintiff did not file a supplemental brief in opposition, defendants were not permitted to file a further

3

brief in support of their motion. Plaintiff argues that alternatively it should be permitted to file a supplemental brief *instanter*. Upon review, the Court finds that to prohibit defendants from making further arguments following the additional discovery would be unfair, even where plaintiff chose not to make additional arguments or submit additional evidence. Moreover, plaintiff was given ample time and a firm deadline by which to submit any additional brief. Accordingly, plaintiff's motion is denied.

**B.     Motion to Dismiss for Lack of Personal Jurisdiction**

Plaintiff argues that its cause of action for patent infringement arises from defendants' purchase of tool "blanks"[2] from Ohio that defendants then use to manufacture the allegedly infringing products. Thus, plaintiff argues, defendants are subject to specific personal jurisdiction under Ohio's long-arm statute. Plaintiff further argues that even if defendants did not meet the requirements under Ohio's long-arm statute, defendants are subject to general personal jurisdiction in Ohio because their activities in Ohio are continuous and systematic. In support, plaintiff provides the following evidence:

- invoices showing that defendant Karma has shipped at least 50 orders totaling over $60,000 to Kennametal, Inc. in Cleveland, Ohio between 2004 and 2010;

- an invoice showing that defendant Karma shipped an order totaling $2340.09 to EMCO Maier Corporation in Columbus, Ohio in November 2010;

- invoices showing that defendant JMF has shipped at least 11 orders totaling over $3600 to P.O. McIntire Company in Willoughby, Ohio between November 2010 and January 2011;

- invoices showing that defendant JMF has shipped at least 37 orders totaling over $109,000 to Earnest Machine Products Company in Parma, Ohio between 2004

---

[2]     A "blank" is a piece of material pre-cut to a certain size that is then used to manufacture the tools. (Jewell Depo. at 29:17-30:16.)

and 2007;

- invoices showing that defendant JMF has purchased over $800,000 worth of materials from Ohio businesses between 2005 and 2009[3];

- invoices showing that defendant Karma purchased over $60,000 from Ohio businesses between 2005 and 2011[4];

- lease agreements showing that defendants have separately entered into leases with National City Commercial Capital in Cincinnati, Ohio for the lease of equipment located in Iowa;

- magazine advertisements showing that defendant Karma placed advertisements in Modern Machine Shop magazine, a national trade magazine located in Cincinnati, Ohio; additionally, the number of issues circulated in May 2010 per state was the second highest in Ohio; and

- magazine advertisements showing that defendant Karma placed advertisements in another national trade magazine, Cutting Tool Engineering.

Plaintiff also argues that for purposes of personal jurisdiction, defendant Karma and defendant JMF should be treated as the same entity, pointing out that although defendants are separately incorporated, the defendants are located at the same address, share the same officers, website, telephone number, customers, utilities, some machinery and equipment, some employees, and an accounting and shop control system. Additionally, plaintiff argues that defendants jointly market themselves to the public as Jewell Group through defendants' website, and that even defendants' counsel prior to litigation referred to the defendants as a single entity, Jewell Group.

---

[3] Plaintiff mistakenly attributes these purchases to defendant Karma in its brief and supporting exhibits. The invoices, however, clearly reflect sales to Jewell Machine & Fabrication and not Jewell Tool Technology.

[4] Plaintiff mistakenly attributes these purchases to defendant JMF in its brief and supporting exhibits. The invoices, however, clearly reflect sales to Jewell Tool Technology.

Plaintiff further argues that the exercise of personal jurisdiction over defendants comports with notions of fair play and substantial justice because Ohio has a significant interest in discouraging patent infringement within the state and in cooperating with other states to provide an efficient forum for litigation. Plaintiff also argues that litigating in Ohio would not be burdensome on defendants because of progress in communication and transportation.

Defendants argue that they have not transacted any business in Ohio relating to plaintiff's cause of action. Defendants assert that, contrary to plaintiff's allegations, the tool steel they purchased from an Ohio supplier was not used to manufacture the allegedly infringing products. Thus, Ohio's long-arm statute does not apply. Defendants argue that the exercise of personal jurisdiction would not be fair because defendants' contacts with Ohio are sporadic and *de minimis*. Defendants explain that defendant Karma sold products to companies outside of Ohio and drop-shipped the products to Ohio, and that such sales accounted for less than 1% of Karma's business. Defendants also point out that defendant JMF did not ship any products into Ohio between March 2007 and October 2010, and that the total of products shipped into Ohio by JMF constitutes less than 1% of JMF's total revenue from 2004 to the present. Defendants further argue that they did not purposefully solicit business in Ohio with respect to the equipment lease, but engaged a broker and that the Ohio lessor had the most favorable lease terms by happenstance. Finally, defendants argue that plaintiff's suggestion that they should be treated as one entity for purposes of personal jurisdiction is without merit.

Under Federal Circuit law, a court may exercise jurisdiction over an out-of-state defendant if the defendant is amenable to process in the forum state, and if the exercise of personal jurisdiction comports with federal due process. *LSI Industries, Inc. v. Hubbell Lighting,*

*Inc.,* 232 F.3d 1369, 1371 (Fed. Cir. 2000). In Ohio, a out-of-state defendant is amenable to process if its conduct falls within the Ohio long-arm statute, or if it conducts continuous and systematic business in Ohio. *Id.* at 1373.[5]

### 1. The Ohio Long-Arm Statute

The Ohio long-arm statute, Ohio Rev. Code § 2307.382, applies only to a cause of action arising from acts enumerated in the statute. Plaintiff argues that § 2307.382(A)(1) applies. That provision states that a court may exercise jurisdiction over a person as to a cause of action arising from the person's transacting any business in Ohio.

Upon review, the Court finds that defendants are not subject to personal jurisdiction in Ohio under the Ohio long-arm statute. Plaintiff has not offered any evidence showing that its patent infringement claim arises out of any business defendants transacted within Ohio. Even if plaintiff could prove a prima facie case by demonstrating that defendants purchased tool blanks in Ohio that were then used to manufacture the infringing products elsewhere, plaintiff has not done so here. Plaintiff's argument that the tool blanks purchased from Ohio are used to make the infringing products is simply not supported by any facts. Although plaintiff points to invoices showing that defendant Karma purchased tool blanks from a seller in Worthington, Ohio, no evidence connects those particular tool blanks to the infringing products. Moreover, defendants offer an affidavit stating that the tool steel used in the infringing products is not "blanks" and is purchased from Rockford, Illinois. Under these circumstances, plaintiff has not shown a prima

---

[5] Defendant argues that *LSI Industries* is wrongly decided and that the jurisdictional inquiry should stop if the Ohio long-arm statute does not apply. For the reasons set forth in *LSI Industries,* the Court disagrees. Further, the Court is bound by Federal Circuit precedent in this case.

facie case of personal jurisdiction under the Ohio long-arm statute.

## 2. Continuous and Systematic Business in Ohio

An out-of-state defendant conducts continuous and systematic business in Ohio if it meets the federal due process threshold for general jurisdiction. *LSI Industries,* 232 F.3d at 1374. Accordingly, a defendant must have continuous and systematic contacts with the forum state for the forum state to exercise jurisdiction over the defendant. The Supreme Court has not developed a test for continuous and systematic contacts. The following factors, however, are often considered: (1) whether the defendant solicits business in the state through a local office or agents; (2) whether the defendant sends agents into the state on a regular basis to solicit business; (3) the extent to which the defendant holds itself out as doing business in the forum state, through advertisements, listings, or bank accounts; and (4) the volume of business defendant conducts in the state. *See The Step2 Company, LLC v. Parallax Group Internat'l, LLC,* No. 5:08 CV 2580, 2010 U.S. Dist. LEXIS 97659, at *10 (N.D. Ohio Sept. 17, 2010) (citing *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1533 (10th Cir. 1996)).

Upon review, the Court finds that defendants do not conduct continuous and systematic business in Ohio. Plaintiff has offered no evidence showing that defendants have local offices or agents, or that defendants send agents into Ohio on a regular basis to solicit business. Although plaintiff provides evidence showing that defendants have advertised in national trade magazines, defendants do not hold themselves out as doing business in Ohio through those advertisements. The equipment lease agreements with National City Commercial Capital, where the lessee and the leased equipment are located in Iowa, are insufficient to hale defendants into court in Ohio

for a cause of action not arising from the lease agreements.[6] Even assuming, without deciding, that defendants should be considered the same entity for purposes of determining personal jurisdiction, defendants' total sales of products shipped into Ohio total less than $200,000 over the course of the past seven years, with the vast majority of those sales, in dollar amounts, taking place before 2007.[7] Further, the sales were to only four customers, and the invoices for three of those customers indicate a "sold to" address outside of Ohio with a "ship to" address inside of Ohio. Although plaintiffs argue that defendants also made purchases from Ohio, purchases alone are not enough to warrant the exercise of general jurisdiction over an out-of-state defendant. *Helicopteros Nacionales de Colombia, S. A. v. Hall,* 466 U.S. 408, 418 (1984). The small volume of purchases combined with the small sales volume of products shipped to Ohio does not create continuous and systematic contacts sufficient to allow the Court to exercise jurisdiction over defendants for a cause of action unrelated to their Ohio contacts. Under these circumstances, plaintiff has not shown a prima facie case of general personal jurisdiction in Ohio.

**B.      Motion to Transfer Venue**

Defendants alternatively move to transfer venue to the Southern District of Iowa under 28 U.S.C. § 1404(a), which provides that for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer a case to any other district or division where it

---

[6] Defendants' Rule 30(b)(6) deponent testified that National City Commercial Capital is now owned by a company called TCF located in Minnesota.

[7] Based on plaintiff's evidence, defendant Karma sold approximately $45,000 of the $62,563.20 worth of products that shipped into Ohio between 2004 and 2006. Likewise, JMF sold approximately $106,000 of the $112,627.89 worth of products that shipped into Ohio between 2004 and 2006.

might have been brought. Plaintiff opposes the motion. Both parties argue that the conveniences are in their own favor, without any analysis.

Upon review, the Court finds that it cannot transfer this case pursuant to 28 U.S.C. § 1404(a) because it lacks personal jurisdiction over defendant and thus venue here is improper.[8] *Sawgrass Techs., Inc. v. Tex. Original Graphics, Inc.,* No. 06-1190, 2007 U.S. App. LEXIS 5084, at *5 (Fed. Cir. March 2, 2007) ("A district court can transfer venue under either 28 U.S.C. § 1404(a) or 28 U.S.C § 1406(a). Section 1404(a) allows a court where venue is proper to transfer a case to a more convenient forum. Section 1406(a) allows a court to either dismiss or transfer a case when venue is improper."). *See also Pittock v. Otis Elevator Co.,* 8 F.3d 325, 329 (6th Cir. 1993) ("Section 1404(a) permits a change of venue for the convenience of parties and witnesses. However, a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants.").

The Court may, however, transfer the case pursuant to 28 U.S.C. § 1406(a). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Defendants represent that Iowa has jurisdiction over defendants and that venue is proper there. The Court finds that transferring this case to the United States District Court for the Southern District of Iowa rather than dismissing it would contribute to the "expeditious and orderly adjudication" of this case on its merits, which is certainly in the interest of justice, especially as the parties represent that a related action is

---

[8] As the Court finds that it lacks jurisdiction over defendants, the Court declines to consider the parties' arguments related to the first-to-file rule.

already pending in that district. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962) (approving transfer of venue under § 1406(a) where transferor court lacked jurisdiction over defendants and venue was appropriate in transferee court). Accordingly, defendants' motion to dismiss is denied and the motion to transfer is granted.

**CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss or, in the Alternative, to Transfer is DENIED as to the motion to dismiss and GRANTED as to the motion to transfer. The case is hereby TRANSFERRED to the Southern District of Iowa. Plaintiff's Motion to Strike Defendants' Supplemental Response to Plaintiff's Opposition to Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/7/11